IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH BRIDGEWATER,
aka ANSAR AL MUHUMMAND,

    Plaintiff,                       CV F 06 1049 LJO WMW P

    vs.                           ORDER GRANTING LEAVE TO FILE
                                  AN AMENDED COMPLAINT

A. K. SCRIBNER, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the August 10, 2006, complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Sacramento, brings this civil rights action against defendant officials employed by the CDCR at CSP Corcoran.

          Plaintiff claim in this complaint is that Defendants prevented him from the free exercise of his religious beliefs in violation of the First Amendment.  Specifically, Plaintiff alleges that he was prevented from attending a holy festival to commemorate one of the five holy pillars of Islam.  Plaintiff names the following Defendants: Warden A. K. Scribner; Lietuentant

1  J. Hill; Correctional Officer Neiermier; C/O H. Pena; Medical Technical Assistant Sullivan.

2        The First Amendment to the United States Constitution provides that "Congress shall
3  make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . .
4  ." U.S. Const., amend. I.  Prisoners "retain protections afforded by the First Amendment,"
5  including the free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107
6  S.Ct. 2400 (1987).  However, "'[l]awful incarceration brings about the necessary withdrawal or
7  limitation of many privileges and rights, a retraction justified by the considerations underlying
8  our penal system.'"  Id. (quoting Price v. Johnson, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060
9  (1948)).  "In order to establish a free exercise violation, [a prisoner] must show the defendants
10 burdened the practice of his religion, by preventing him from engaging in conduct mandated by
11 his faith, without any justification reasonably related to legitimate penological interests."
12 Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997).  "In order to reach the level of a
13 constitutional violation, the interference with one's practice of religion 'must be more than an
14 inconvenience; the burden must be substantial and an interference with a tenet or belief   that is
15 central to religious doctrine.'"  Freeman, 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d
16 844, 851 (9th Cir. 1987)).

17       The events that give rise to this lawsuit occurred on March 16, 2005.   Plaintiff alleges
18 that on that date, he was summoned to the facility medical clinic to have blood withdrawn.
19 Upon arrival at the clinic, Plaintiff requested that his blood be drawn later, as the religious
20 festival was scheduled to begin within 30 minutes of his arrival at the clinic.   MTA Sullivan and
21 Plaintiff 'went back and forth" regarding his request, which was denied.  MTA Sullivan made
22 disparaging remarks about Plaintiff's religious beliefs, and "then proceeded to remove her
23 assigned pepper spray and threatened to spray me in the face if my black ass don't shut up."

24       Sullivan "became extremely irate" and activate her personal alarm.  Though additional
25 staff responded, they were directed to resume their duties.  Plaintiff was escorted to a holding

26

cell.  Ten minutes later, he was returned to have his blood drawn.   Defendants Hill and Neiermier directed Plaintiff to return to his housing unit.   Plaintiff alleges that all Muslim inmates attending the religious festival were released from their cells except him.  Plaintiff asked C/O Pena if he could attend the festival.  She called Lt. Hill, then informed Plaintiff that she was following Neiermier's instructions not to release Plaintiff.

As to Defendants Hill and Neiermier, Plaintiff has alleged facts, which if liberally construed, state a claim for relief.

As to Defendant Scribner,  liability may be imposed on supervisory defendants (such as Scribner) under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege any facts indicating that defendant Scribner participated in, or knew of and failed to prevent, the alleged wrongs.

As to Defendants Pena and Sullivan, the facts alleged suggest that they were either acting pursuant to an order (Pena) or for a legitimate penological reason - the facts alleged indicate that Sullivan denied Plaintiff's request on the ground that Plaintiff needed to have his blood drawn.

The court will grant Plaintiff leave to file an amended complaint.  Should Plaintiff fail to do so, this action will proceed on the original complaint as to Defendants Hill and Neiermier. The Court will direct service of process on those Defendants.  The Court will recommend dismissal of the remaining Defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that   Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:     February 6, 2008**              /s/  **William M. Wunderlich**
                                            UNITED STATES MAGISTRATE JUDGE