IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH BRIDGEWATER,

    Plaintiff,                        1:06 CV 1049 LJO WMW P

    vs.                               FINDING AND RECOMMENDATION

A. K. SCRIBNER, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the August 10, 2006, complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation  at CSP Sacramento, brings this civil rights action against defendant officials employed by the CDCR at CSP Corcoran. Pending before the Court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b).  Plaintiff has opposed the motion.

        Plaintiff claim in this complaint is that Defendants prevented him from the free exercise of his religious beliefs in violation of the First Amendment.  Specifically, Plaintiff alleges that he was prevented from attending a holy festival to commemorate one of the five holy

1

pillars of Islam.  Plaintiff names the following Defendants: Warden A. K. Scribner; Lieutenant J. Hill; Correctional Officer Neiermier; C/O H. Pena; Medical Technical Assistant Sullivan.  On April 14, 2008, an order was entered, dismissing Defendants Scribner, Pena and Sullivan.  Defendants Niemeier and Hill bring this motion to dismiss.

The events that give rise to this lawsuit occurred on March 16, 2005.  Plaintiff alleges that on that date, he was summoned to the facility medical clinic to have blood withdrawn.  Upon arrival at the clinic, Plaintiff requested that his blood be drawn later, as the religious festival was scheduled to begin within 30 minutes of his arrival at the clinic.  MTA Sullivan and Plaintiff 'went back and forth" regarding his request, which was denied.  MTA Sullivan made disparaging remarks about Plaintiff's religious beliefs, and "then proceeded to remove her assigned pepper spray and threatened to spray me in the face if my black ass don't shut up."

Sullivan "became extremely irate" and activate her personal alarm.  Though additional staff responded, they were directed to resume their duties.  Plaintiff was escorted to a holding cell.  Ten minutes later, he was returned to have his blood drawn.  Defendants Hill and Neiermier directed Plaintiff to return to his housing unit.  Plaintiff alleges that all Muslim inmates attending the religious festival were released from their cells except him.  Plaintiff asked C/O Pena if he could attend the festival.  She called Lt. Hill, then informed Plaintiff that she was following Neiermier's instructions not to release Plaintiff.

Defendants move to dismiss this action pursuant to 42 U.S.C § 1997e(a) for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198,

1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

      The California Department of Corrections has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

      Defendants support their motion with the declarations of J. Jones, the Appeals Coordinator at Corcoran State Prison, and N. Grannis, the Chief of the Inmate Appeals Branch in Sacramento.   J. Jones declares that Plaintiff submitted seven grievances between March 16, 2005, and August 10, 2006.   Exhibit B is the CDC 602 form to grievance COR-05-1347.  This grievance, received by the CSP Corcoran Appeals Office on April 19, 2005, challenges Lt. Hill's conduct, and charges Lt. Hill with religious persecution, selective prosecution, cultural indifference and harassment.   In the attachment to his grievance, Plaintiff goes on the grieve the events of March 16, 2005, at issue in this lawsuit.  Plaintiff did not seek monetary relief in this grievance.

      Grievance COR-05-1347 was partially granted at the first level of review.   The appeal was granted in that a fact-finding inquiry was conducted.  (Jones Decl. ¶ 5, Ex. B.)   Plaintiff

1  failed to submit his appeal for review at the second level of review.  In his complaint, Plaintiff
2  concedes that he did not file his grievance at the second level of review because he was
3  "stonewalled."  Plaintiff refers to Exhibit C to the complaint.  Exhibit C includes copies of the
4  grievance at issue, as well as the Inmate Appeal Assignment Notice from the Appeals
5  Coordinator, advising Plaintiff that he has 15 days from the receipt of the response to forward his
6  appeal for second level of review.  Plaintiff describes this exhibit as "prison grievance 602 appeal
7  addressing Defendant J. Hill's religious prosecution violating my religious freedoms still to this
8  date the full/complete adjudication has not been render no fault of plaintiff appeal is being
9  handles by Director of Corrections (Appeals Branch) its been over a year and still no official
10 response."    Plaintiff, however, offers no evidence that he submitted or attempted to submit a
11 grievance at the second level of review.  Plaintiff's submission was screened out because there
12 was no record that his appeal had been accepted for a director's level of review.  His documents
13 were returned to him.  (Grannis Decl., ¶¶ 7-8, Exh. A.)

14      On June 20, 2005, Plaintiff submitted a grievance against Defendant Niemeier; Plaintiff
15 asserted various claims, including the alleged religious persecution at issue in this lawsuit.
16 Plaintiff did not seek injunctive relief.  (Compl. Supp. ¶ 33, pp. 8-9, 47.)  On June 29, 2005, the
17 grievance was rejected on the grounds of timeliness.  Plaintiff did not appeal the rejection, nor
18 did he submit an explanation regarding why he did not file an appeal.  (Jones Decl. ¶¶ 3-7, Exs.
19 A-C).

20      Defendants correctly argue that the Supreme Court has held that proper exhaustion of
21 administrative remedies includes compliance with procedural rules, including timeliness.
22 Woodford, 548 U.S. at 84, 87.  Plaintiff offers no evidence that an appeal was submitted to , or
23 received by Corcoran officials.  Plaintiff's generalized argument that he was "stonewalled" does
24 not constitute exhaustion.  The declaration of J. Jones clearly indicates that Corcoran officials did
25 not receive an appeal from Plaintiff beyond the first level of review.  In his complaint, Plaintiff
26

concedes that his appeal was not accepted at the director's level of review.

In his opposition, not made under the penalty of perjury, Plaintiff makes vague arguments about CDCR policy and procedures. Plaintiff makes unsubstantiated allegations that his ability to file a second level of review was obstructed. Plaintiff, however, offers no evidence that this is so. Defendants have come forward with evidence that Plaintiff's appeal at the director's level was rejected as untimely. Plaintiff does not dispute that his appeal was rejected as untimely, nor does Plaintiff come forward with any evidence that he properly exhausted his administrative remedies, or that he was frustrated in his attempts to do so.

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be granted, and this action be dismissed for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 26, 2009**         **/s/  William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE

5